```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
MANGEMENT RECRUITERS                      :
INTERNATIONAL, INC., *et al.*,            :
                                          :     CASE NO. 1:13-CV-0244
        Plaintiff,                        :
                                          :
vs.                                       :     OPINION & ORDER
                                          :     [Partially Resolving Doc. 8]
VAN CORBIN, *et al.*,                     :
                                          :
        Defendants.                       :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Management Recruiters International Inc., and MRI Contract Staffing, Inc (collectively "MRI") bring this diversity case to collect on fees purportedly owed under franchise agreements between MRI and defendants Van Corbin and the Management Consulting Group, Inc (collectively "Defendants").[1/] Corbin now moves to dismiss this suit because he says that the amount in controversy does not exceed $75,000, he is not subject to personal jurisdiction in Ohio, and venue is improper in the Northern District of Ohio.[2/] Because it is not legally certain that MRI cannot recover more than $75,000, the Court **DENIES IN PART** Corbin's motion to dismiss. Because neither party addresses the dispositive issues regarding personal jurisdiction, the Court orders the parties to submit supplemental briefing on this issue. The Court reserves ruling on whether the Northern District of Ohio is the proper venue until ruling on the personal jurisdiction issue.

**I.**

---

[1/] [Doc. 1.]

[2/] [Doc. 8.]

Case No. 1:13-CV-244
Gwin, J.

According to the complaint, MRI "franchises the operation of personnel placement services and contract staffing services."[3/] MRI says that it entered franchise contracts with Defendants in July 2007 under which Defendants were to pay MRI fees of 7.5% of "cash-in" and make monthly financial reports.[4/] MRI says that Defendants have failed or refused to make such payments and reports.[5/] MRI seeks damages of over $100,000 plus interest, injunctive relief requiring Defendants to make financial disclosures, and costs and expenses.[6/]

## II.

Corbin moves to dismiss for lack of subject matter jurisdiction. He first says, without further citation, "[a]lthough Plaintiffs allege that Defendants owe them in excess of $100,000, in royalty and advertising fees, that amount has not only not been collected or reported, the tax statements issued by Plaintiffs to Defendant list the amount of 93% of collections to be $14,000.00."[7/] As if some reassurance, Corbin adds "[a]ll related documents are in the possession of Plaintiff."[8/]

Title 28, section 1332(a) of the United States Code grants this Court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or

---

[3/][Doc. 1 at 2.]

[4/][Doc. 1 at 2-3]

[5/][Doc. 1 at 3-4.]

[6/][Doc. 1 at 5.]

[7/][Doc. 8 at 1.]

[8/][Doc. 8 at 1.]

Case No. 1:13-CV-244
Gwin, J.

if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed."[9/] That is, the Court evaluates the amount in controversy "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."[10/]

Corbin may be correct that the amount in controversy does not exceed $75,000, but his "trust me, they know" assurance is not sufficient to defeat subject matter jurisdiction. "Although [Corbin] has raised an argument that could, if successful, demonstrate that he is entitled to summary judgment, the argument does not demonstrate that the amount in controversy in this case is less than the $100,000."[11/] Had the contracts specified liquidated damages below $75,000, Corbin's argument might have been more on target. But based on the pleadings, it may well be more. And the Court will not dismiss every lawsuit where the defendant simply assures the Court that the amount is less than $75,000 with no substantiation and only a cursory legal argument.

## II.

Corbin next says that he is not subject to personal jurisdiction in Ohio because the forum selection clause in one of the contracts "is incomplete and contrary to public policy" as well as in contradiction to the forum selection clause in another contract.[12/] MRI says that this forum selection

---

[9/] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[10/] *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

[11/] *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005).

[12/] [Doc. 8 at 2.] The Contract Staffing Agreement says:

LICENSEE hereby irrevocably agrees that any action or proceeding arising out of or relating to this Agreement may be brought in the courts of the State of Ohio or in the United States District Court for the Northern District of Ohio, as MRI CONTRACT STAFFING or BROWNS CANYON may elect. [Doc. 1-4 at 22.]

Case No. 1:13-CV-244
Gwin, J.

clause is valid and enforceable, and that it drags with it the other contracts.

"When interpreting contracts in a diversity action, we generally enforce the parties' contractual choice of forum."[13] In the Sixth Circuit, however, state law "controls the interpretation of a forum selection clause in a diversity case where enforcement of the clause is necessary for the court to have personal jurisdiction over the defendant."[14] Which state's law—Ohio's or another state's—depends on Ohio's choice of law rules.[15] Neither party, however, addresses this issue, much less what that state's law has to say about the use of forum selection clauses to confer personal jurisdiction. Indeed, neither party cites an Ohio case at all.

Accordingly, the Court orders the parties to submit supplemental briefing on this issue, not to exceed seven pages, by May 10, 2013.

### III.

For the foregoing reasons, the court **DENIES IN PART** Corbin's Motions to Dismiss. Further, the Court orders the parties to submit briefs not to exceed seven pages by May 10, 2013 on what state's substantive law governs the forum selection clauses in question and whether that state's law permits this Court to exercise personal jurisdiction over defendants based on the forum selection

---

But the Franchise Agreement says:

> FRANCHISEE hereby irrevocably agrees that any action or proceeding arising out of or elating to this Agreement may be brought in the courts of the Commonwealth of Pennsylvania or in the United States District Court for the Eastern District of Pennsylvania, as MRI or BROWNS CANYON may elect. [Doc. 1-1 at 28.]

[13] *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007).

[14] *Preferred Capital, Inc. v. Sarasota Kennel Club*, 489 F.3d 303, 306 (6th Cir. 2007); *see id.* at 307-08.

[15] *See Klaxon Co. v. Sentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

Case No. 1:13-CV-244
Gwin, J.

clauses. The Court reserves ruling on whether the Northern District of Ohio is the proper venue, and, if not, to which district the case may be transferred until ruling on the personal jurisdiction issue.

    IT IS SO ORDERED


Dated: May 2, 2013                               s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE